**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DANIEL OMAR COOKS,

    Petitioner,

vs.                                                                Case No.:   3:13-cv-1152-J-34JBT
                                                                    3:12-cr-11-J-34JBT

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Daniel Omar Cooks's "Presentation of the Respondent's Confession of Error of Florida Burglaries Being Nonqualifying Violent Felonies to Trigger Guideline and Statutory Enhancements." (Doc. 11, Notice). Cooks claims that the United States has conceded in other cases, in the wake of Johnson v. United States, 135 S. Ct. 2551 (2015), that a conviction for burglary under Florida Stat. § 812.13 does not categorically qualify as a "violent felony" for purposes of the Armed Career Criminal Act's (ACCA's) 15-year mandatory minimum sentence. See 18 U.S.C. § 924(e). Cooks has argued that his prior convictions for burglary do not qualify as ACCA "violent felonies," and that he should thus be resentenced without application of the 15-year mandatory minimum sentence.

The Court will take Cooks's Notice under advisement. The Court also notes that Cooks has previously moved to appoint counsel (Doc. 9, Motion to Appoint Counsel), but the Court denied the motion without prejudice, partly based on the view that Johnson does not apply retroactively (Doc. 10, Order Denying Motion to Appoint Counsel).

1

Case 3:13-cv-01152-MMH-JBT   Document 13   Filed 02/02/16   Page 2 of 3 PageID 155

Subsequent developments have caused the Court to reconsider whether Johnson applies retroactively on collateral review, and the Court has determined to construe Cooks's Notice as a motion to reconsider the order denying his Motion to Appoint Counsel.  In Gregory Welch v. United States, cert. granted, No. 15-6418 (2016), the Supreme Court granted certiorari review to address whether Johnson applies retroactively on collateral review.[1]  Notably, the United States has sided with post-conviction petitioners and taken the position that Johnson does apply retroactively.  See Brief for the United States at 13-17, Harrimon v. United States, No. 15-7426 (2015).  The Administrative Office of the United States Courts also recently issued a memorandum recommending a program for the appointment of counsel to § 2255 movants seeking relief due to Johnson.[2]  This reflects that Johnson claims may be worthy of the appointment of counsel.  Additionally, despite holding that Johnson does not apply retroactively for purposes of an application to file a second or successive motion to vacate, the Eleventh Circuit suggested, albeit only in dicta, that Johnson would apply retroactively to a first motion to vacate.  See In re Rivero, 797 F.3d 986, 991 (11th Cir. 2015).  In light of these considerations, the Court has determined to appoint counsel for Cooks.

The Court will appoint Ross Haine, II, Esq., to represent Cooks in this matter, and to brief this Court on whether the Court should vacate Petitioner's sentence on account

---

[1] The Supreme Court's order granting certiorari does not expressly identify the issue to be addressed, but the only issues raised in Welch's petition for a writ of certiorari are (i) whether the district court erred in denying the § 2255 motion to vacate, which alleged that one of Welch's prior convictions no longer qualified as an ACCA predicate conviction, and (ii) whether Johnson applies retroactively on collateral review. Petition for Writ of Certiorari, Welch v. United States (No. 15-6418).  It is thus apparent that the Supreme Court's grant of certiorari review is to decide Johnson's retroactivity.

[2] See http://infoweb.ao.dcn/bcastpdf/DIR15-148.pdf.

2

of Johnson.  However, counsel's appointment is not limited to the Johnson issue; counsel may brief the Court on any other issues of merit raised in Cook's Motion to Vacate. Counsel may consult Cooks to determine which issues should be pursued, and which, if any, lack a fair chance of success on the merits and should not be pursued.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner Daniel Omar Cooks's Notice (Doc. 11) is **TAKEN UNDER ADVISEMENT**.

2. Petitioner's Notice (Doc. 11), construed as a Motion to Reconsider Cook's previously filed Motion to Appoint Counsel (Doc. 9) is **GRANTED**.  The Court appoints Ross Haine, II, Esq., to represent Cooks in pursuing vacatur of his sentence under 28 U.S.C. § 2255.

3. The Clerk of the Court **shall issue** the appropriate federal Criminal Justice Act form – a CJA 20 ("Appointment of and Authority to Pay Court-Appointed Counsel") – to Mr. Haine forthwith.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of February, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:

Petitioner Daniel Omar Cooks
Counsel of record